UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**DENNARD WILSON** * **CIVIL ACTION NO. 07-2198**

**VERSUS** * **JUDGE MELANCON**

**UNITED STATES OF AMERICA** * **MAGISTRATE JUDGE HILL**

<u>REPORT AND RECOMMENDATION</u>

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Dennard Wilson, pursuant to 28 U.S.C. § 2241.  The pleading, styled "Request for Nunc Pro Tunc Amended Judgment Movant Moves for Clarification from Sentencing Court",  was originally filed in the United States District Court for the Northern District of Texas on April 13, 2007, the court where petitioner's federal sentence was imposed. After denying petitioner's request for an Amended Judgement (which was to allow his federal and Louisiana state sentences to run concurrently), that court construed petitioner's sentencing credit claim as a petition for *habeas corpus* relief under § 2241 and, accordingly, transferred the petition to this court for disposition. [*see* rec. docs. 1-2 and 5].

By this petition, Wilson complains that the United States Bureau of Prisons ("BOP") has wrongfully denied him credit on his federal sentence for time served while petitioner was in Louisiana state custody.  This court's records reveal that petitioner has previously filed a petition for *habeas corpus* relief under § 2241 in this court challenging

1

his federal sentence computation and, in that action following a response by the federal respondents, this court found petitioner's claims lacked merit. *Wilson v. Young*, 2:05cv2009, 2006 WL 1789825 (W.D.La. 2007). *See* Court Exhibit "1". This matter has been referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

For the same reasons previously set forth by this court with respect to petitioner's sentencing computation claim, and for the additional reasons set forth below, the undersigned recommends that this petition for writ of *habeas corpus* be **DENIED and DISMISSED WITH PREJUDICE**.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this action was set forth by Magistrate Judge Wilson in his May 22, 2006 Report and Recommendation on petitioner's claims, *Wilson v. Young*, 2:05cv2009, rec. doc. 9, 2006 WL 1789825, *1-2 (W.D.La. 2007) (record citations omitted), as follows.

> Petitioner was arrested in Baton Rouge, Louisiana on December 11, 1998 for Possession of Marijuana with Intent to Distribute. He was released on bond. Petitioner was arrested in Plano, Texas on November 18, 1999 for Possession of a Controlled Substance with Intent to Deliver and Possession of Marijuana, More than Four Ounces in a Drug Free Zone. He was released on bond the following day. The Texas charges were ultimately dismissed in lieu of Federal prosecution. Petitioner was arrested by federal law enforcement officers on February 9, 2000, and on February 17, 2000, he was released on bond.

Petitioner surrendered to the State of Louisiana on November 8, 2000 due to the cancellation of his bond. On February 5, 2001, petitioner was transferred to the custody of the United States Marshal Service on the basis of a writ of *habeas corpus ad prosequendum*. Petitioner pled guilty to Conspiracy to Possess with Intent to Distribute and Distribution of Marijuana and Crack Cocaine in the United States District Court for the Northern District of Texas, and on February 15, 2001 he was sentenced to term of imprisonment for 122 months.

Following his federal sentencing, petitioner was returned to the primary custody of the State of Louisiana. On September 13, 2001, petitioner was sentenced in a Louisiana state court to a term of 8 years imprisonment for his State offenses and committed to the Louisiana Department of Corrections. Petitioner received credit on his State sentence for all of the time spent in custody since his surrender on November 8, 2000 until his parole from State custody on December 3, 2004. On December 3, 2004, he was released from State custody to federal authorities to begin serving his federal sentence.

On April 27, 2005, the petitioner began filing administrative requests to receive a *nunc pro tunc* designation so that the time served in the state correctional facility could be credited towards his federal sentence. [See also rec. doc. 9, pg. 2]. Warden Young denied his request on May 8, 2005, explaining that because the federal judgment and commitment were silent as to whether the federal sentence should run concurrent with any state court sentence which might be imposed, the federal sentence is considered to run consecutively with the state sentence. The warden further explained that the Bureau of Prisons delegates its authority to make a *nunc pro tunc* designation to the Regional Directors. [*Id.* at pg.3].

On June 1, 2005, the petitioner requested a *nunc pro tunc* designation from the Regional Director. Prior to responding to the petitioner's request, the Regional Director sent correspondence to the sentencing judge, requesting clarification regarding whether the judge intended for the petitioner to serve his federal sentence concurrently or consecutively with the state court sentence. Judge Maloney, the sentencing judge, did not respond. The Regional Director denied petitioner's request for *nunc pro tunc* designation on July 28, 2005, finding that a concurrent designation was not consistent with the goals of the criminal justice system. [*Id*. at 5-6].

> Petitioner appealed the Regional Director's denial to the National Inmate Appeals Administrator on August 24, 2005. The denial of the *nunc pro tunc* designation was affirmed by the Administrator on September 16, 2005. [*Id.* at pg. 8].

Following the exhaustion of all available administrative remedies, Wilson filed a petition in this court seeking to have this federal court review his federal sentence computation and award him credit for time served in Louisiana state custody. The respondent answered the petition and moved for denial of the petition on the grounds that the petitioner's sentence was properly computed. In his well reasoned May 22, 2006 Report and Recommendation, Magistrate Judge Wilson recommended that the petition be denied and dismissed with prejudice. By Judgment dated June 26, 2006, Judge Minaldi accepted and adopted Judge Wilson's findings and of fact and conclusions of law finding them entirely correct, and, accordingly, denied and dismissed petitioner's action with prejudice. *See* Court Exhibit 1; *Wilson v. Young*, 2:05cv2009, rec. docs. 7, 9 and 10 (W.D.La. 2007). Petitioner did not appeal Judge Minaldi's ruling.

On April 13, 2007, petitioner filed the instant action, styled "Request for Nunc Pro Tunc Amended Judgment Movant Moves for Clarification from Sentencing Court", in the United States District Court for the Northern District of Texas, the court where petitioner's federal sentence was imposed. By order dated December 12, 2007, that court denied petitioner's motion to amend his federal Judgment of Conviction to permit his federal and state sentences to run concurrently. [rec. doc. 1-2].

After denying petitioner's request for an Amended Judgement allowing his federal and state sentences to run concurrently, the sentencing court construed petitioner's pleading as a petition for *habeas corpus* relief under § 2241 and, accordingly, transferred the petition to this court for disposition, apparently not knowing that this court had previously addressed petitioner's sentencing computation claims. [*see* rec. docs. 1-2 and 5]. This Report and Recommendation follows.

## LAW AND ANALYSIS

In previously denying petitioner's claims, Magistrate Judge Wilson properly set forth the applicable law and properly applied the facts to that law. The undersigned accepts and adopts Judge Wilson's factual findings and legal conclusions as follows because they are entirely correct.

**I. Sentence Computation**

With respect to petitioner's sentencing computation claim, Judge Wilson found:

It is the function of the United States Attorney General to compute jail time credit in accordance with 18 U.S.C. § 3585(b).[1] It is after the prisoner begins serving his federal sentence that the Attorney General is to compute the jail time credit. *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 1354, 117 L.Ed.2d 593 (1992). Credit is given toward a prisoner's term of imprisonment for any time spent in official detention prior to the commencement of his sentence "that has not been credited against another

---

[1] 18 U.S.C. § 3585(b) provides:

**(b)Credit for prior custody** -A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-(1) as a result of the offense for which the sentence was imposed; or(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

5

sentence." A prisoner has the right to have the Attorney General's determination reviewed by a court after exhausting his administrative remedies. *Wilson*, 112 S.Ct. at 1355.

A federal sentence does not commence until the Attorney General receives the prisoner into "custody" for service of the sentence. 18 U.S.C. § 3585(a). Such custody is not obtained merely by the production of the prisoner in federal court pursuant to a writ of *habeas corpus ad prosequendum*. *United States v. Evans*, 159 F.3d 908, 912 (4th Cir.1998). The state authorities must first relinquish its custody over the prisoner in order for a transfer of custody to take place. *Id*. Additionally, the federal sentence of a prisoner in state custody may commence "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." *Id.; see also Barden v. Keohane*, 921 F.2d 476, 481-82 (3d Cir.1990); 18 U.S.C. § 3621(b).

When Petitioner was originally taken into custody on November 8, 2000, he was clearly in Louisiana state custody. When he was presented in federal court pursuant to a writ of *habeas corpus ad prosequendum*, the nature of his custody did not change from state to federal. *See Evans*, 159 F.3d at 911 (writ of *habeas corpus ad prosequendum* does not effect transfer of custody). The State of Louisiana remained the primary custodian of petitioner.

"A writ of *habeas corpus ad prosequendum* [merely] enables a state [includes any jurisdiction, federal or state] to take temporary custody of a prisoner confined within another jurisdiction, and indict, prosecute and sentence such prisoner." *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir.1989). When a prisoner is transferred pursuant to a writ of *habeas corpus ad prosequendum*, the sending state retains jurisdiction over the accused, and a return to the sending state is normally required. Until the prisoner is returned [from] the sending state, the other jurisdiction is unable and not entitled to enforce its sentence. *Flick*, 887 F.2d. at 782; *Crawford v. Jackson*, 589 F.2d 693, 695-96 (D.C.Cir.1978).

*Wilson v. Young*, 2006 WL 1789825, at *2-3.

The undersigned finds, as did Magistrate Judge Wilson, that the petitioner's federal sentence did not commence until he was released from state custody on December 3,

6

2004. As discussed above, the transfer pursuant to the writ of *habeas corpus ad prosequendum* did not affect petitioner's custody status. Nothing in the record before this court, or this court's record with respect to petitioner's prior *habeas corpus* proceeding, indicates that the State of Louisiana relinquished custody of petitioner until December 3, 2004 when he was paroled. Further, the BOP did not designate the state facility for the service of petitioner's federal sentence. See *Wilson*, 2006 WL 1789825, at *3.

The affidavit filed by Christopher Thomas, Assistant Inmate Systems Manager at the Federal Correctional Institution in Oakdale, Louisiana, submitted in petitioner's prior action in this court and attached hereto as Court Exhibit "2"[2], reflects that petitioner was taken into federal custody on December 3, 2004. As properly found by Judge Wilson,

> [a]ny credit due to petitioner on his federal sentence would have been computed upon the commencement of his federal sentence. *See Wilson, supra*. At the time the petitioner began serving his federal sentence ..., he had already received full credit on his state sentence for all time spent in custody between November 8, 2000 and December 3, 2004. Therefore, he is not entitled to an additional credit against his federal sentence as the Attorney General must only give credit for time spent in official custody when such time "has not been credited to another sentence." *Wilson*, 112 S.Ct. at 1355-56; *see also United States v. Brown*, 753 F.2d 455, 456 (5th Cir.1985) (no credit due to time spent in federal custody pursuant to a writ of *habeas corpus ad prosequendum* when state custody was uninterrupted).

*Wilson,* 2006 WL1789825, at *3. *See also Dominguez v. Williamson*, 251 F.3d 156, *3 (5th Cir. 2001) (unpublished) (no credit towards a federal sentence for the time spent in federal detention center under a writ of *habeas corpus ad prosequendum* if the defendant

---

[2]The undersigned has attached pertinent exhibits submitted by the government in response to petitioner's prior petition for federal *habeas corpus* relief in this court for ease of reference.

receives credit for that time on his state sentence because the prisoner is merely on "loan" to federal authorities while the prisoner technically remains in state custody).

For these reasons, the undersigned finds that petitioner's sentencing computation claim lacks merit.

## II. *Nunc Pro Tunc* Designation

"The BOP has the statutory authority to designate the place of a prisoner's imprisonment." *Wilson v. Young*, 2006 WL 1789825, at 3 citing 18 U.S.C. § 3621(b). "Pursuant to this authority, it is within the discretion of the BOP to grant a federal inmate's request for *nunc pro tunc* designation of a state correctional facility where the inmate is incarcerated as the place of confinement for service of his federal sentence." *Id*. *citing McCarthy v. Doe*, 146 F.3d 118, 123 (2nd Cir.1998), *Barden v. Keohane*, 921 F.2d 476, 478 (3rd Cir.1990), and Bureau of Prisons Program Statement No. 5160.05.[3]

To the extent that Petitioner argues that the BOP abused its discretion in denying his request to have the state correctional facility designated for service of the first portion of his federal sentence, that argument is unavailing. Federal law provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a); *Wilson v. Young*, 2006 WL 1789825, at 3 *citing Free v. Miles*, 333 F.3d 550, 553 (5th Cir.2003). Although petitioner's federal judgment and commitment order is silent on this issue, the federal

---

[3]The BOP's policy is to grant a *nunc pro tunc* designation for the concurrent service of a sentence only when it is consistent with the intent of the federal sentencing court, or with the goals of the criminal justice system. *See* Court Exhibit "3".

sentencing court has now expressly refused petitioner's request for an Amended Judgement ordering his federal and state sentences to run concurrently.[4] Bureau of Prisons Program Statement No. 5160.05(9)(b)(4)(f) expressly prohibits BOP from "allow[ing] a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during anytime in which the inmate requests concurrent designation)".

Based on the foregoing, the undersigned, like Judge Wilson, finds that the BOP has fulfilled its obligation to consider petitioner's request for a *nunc pro tunc* designation, and that in light of the facts of this case, it was well within the discretion of the BOP to deny petitioner's request for a *nunc pro tunc* designation and to compute petitioner's federal sentence as being consecutive to his state sentence.[5] *See Wilson v. Young*, 2006 WL 1789825, at *4 *citing Rodriguez v. Pitzer*, 76 Fed.Appx. 519, 2003 WL 21805912 (5th Cir.2003) (unpublished). Indeed, in light of the sentencing court's most recent decision expressly refusing to order that petitioner's state and federal sentences be run

---

[4]Even in the absence of the sentencing court's recent ruling, in petitioner's prior action in this court, Judge Wilson found no evidence indicating that the federal sentencing judge intended petitioner's federal sentence to run concurrently with the state court sentence. To the contrary, because the federal sentencing judge did not respond to the BOP's letter requesting the court's guidance, Judge Wilson concluded the opposite. *Wilson*, 2006 WL 1789825, at *4. However, based on this correspondence, Judge Wilson found that it was clear that the BOP had fulfilled its obligation to consider petitioner's request for *nunc pro tunc* designation, and that it was within its discretion to deny that request. *Id.* Because the federal sentencing court has now *expressly denied* petitioner's request, it is clear that Judge Wilson's prior ruling was entirely correct.

[5]*See* fn. 4, *supra*.

consecutively, that result is mandated.

Accordingly,

**IT IS RECOMMENDED** that this petition for writ of *habeas corpus* be **DENIED and DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 29th day of May, 2008.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

10